IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Flosi, et al., | ) No. CV 09-774-PHX-MHM |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| Peakstone Financial Services, Inc., | ) |
| Defendant. | ) |

Pending before the Court are Defendant Peakstone Financial Services, Inc.'s ("Peakstone's") Motion to Dismiss, or in the Alternative, to Transfer (Doc. # 15) and Defendants Martin Flosi's, Tamara Flosi's, and Roger Seth Carstens' (collectively, the "Flosis'") Motion to Consolidate (Doc. # 32) The Court has considered the parties' arguments presented in their briefs and at oral argument, as well as the applicable law, and now enters its ruling.

**I.  BACKGROUND**

On March 27, 2009, Peakstone filed separate actions against Mr. Flosi, Mrs. Flosi, and Mr. Carstens (the "Peakstone Suit") in the Chancery Court of the First Judicial District of Hinds County, Mississippi. The complaints alleged, among other things, breaches of employment and other agreements, misappropriation of trade secrets, tortious interference with business relations, and conversion. The Hinds County Chancery Court entered *ex parte*

1  temporary restraining orders against the Flosis on the same day the complaints were filed.
2  On March 31, 2009, the Flosis removed the lawsuits from the Hinds County Chancery Court
3  to the U.S. District Court for the Southern District of Mississippi, Jackson Division. On
4  April 14, 2009, Peakstone filed amended complaints against Mr. and Mrs. Flosi, and on June
5  16, 2009, filed an amended complaint against Mr. Carstens in the Southern District of
6  Mississippi.

7  On April 16, 2009, the Flosis filed the above-captioned lawsuit against Peakstone in
8  the U.S. District Court for the District of Arizona (the "Flosi Suit"). On April 17, 2009, the
9  Flosis filed a Motion to Consolidate the three Peakstone Complaints in the Mississippi
10 District Court and a Joint Motion to Transfer the consolidated cases to the District Court in
11 Arizona. Thereafter, on June 19, 2009, Mr. and Mrs. Flosi filed their answers in the
12 Peakstone Suit in Mississippi, which contained counterclaims that are identical to the claims
13 they raised in the Flosi Suit. On July 8, 2009, Mr. Carstens filed his answer to the Peakstone
14 Suit in Mississippi, which likewise contained counterclaims that are identical to the claims
15 he raised in the Flosi Suit. On October 13, 2009, the Mississippi District Court granted the
16 Flosis' motions, consolidating the actions and transferring the Peakstone Suit to this District.
17 (See Peakstone v. Carstens, CV-09-2170-NVW)

18 On July 30, 2009, prior to the consolidation and transfer of the Peakstone Suit,
19 Peakstone filed a Motion to Dismiss the Flosi Suit in Arizona, or in the alternative, to transfer
20 the Flosi Suit to Mississippi. (Doc. # 15) On October 22, 2009, following the transfer of the
21 Peakstone Suit to this District, the Flosis filed a Motion to Consolidate the Peakstone Suit
22 into the Flosi Suit, with the Flosi Suit as the lead case so that "the Flosis are the plaintiffs
23 . . . ." (Doc. # 32)

**II.    DISCUSSION**

25 Peakstone moves for dismissal on the grounds that the Flosi Suit was improperly filed
26 in this Court. Peakstone maintains that the Flosi Suit is duplicative of the Peakstone Suit
27 because the claims asserted in the Flosi Suit are identical to the compulsory counterclaims
28 the Flosis asserted in the Peakstone suit. Peakstone contends that "a claim already pending

1  before one court cannot and should not be simultaneously filed in another subsequent
2  lawsuit."

3  In their Response to Peakstone's Motion to Dismiss, the Flosis "acknowledge that
4  their claims in this case are compulsory counterclaims in the [Peakstone] cases." (Doc. # 19,
5  p.7) They also admit in their Motion to Consolidate that "the claims of the parties are
6  essentially the same in both cases." (Doc. # 32, p.7) The Flosis assert that they "did not have
7  the luxury of assuming this Court [would] see the issues their way [including "maintain[ing]
8  this case to be adjudicated here"] and refraining from answering the [Peakstone Suit] with
9  these allegations in the form of counterclaims." (Doc. # 19, p. 7) The Flosis's convoluted
10 reasoning assumes as its premise that filing the instant lawsuit is somehow permitted under
11 Title VII and the Federal Rules of Civil Procedure. It is not.

12 First, while Title VII may allow a litigant to bring his claims in any forum, it does not
13 allow a litigant to file a duplicative lawsuit as a hedge against a possible unfavorable ruling
14 in another jurisdiction. Further, Title VII does not entitle a claimant to litigate his case as a
15 plaintiff. In the first-filed Peakstone suit, the Flosis were required under Federal Rule of
16 Civil Procedure 13(a) to allege any counterclaims. See Fed. R. Civ. P. 13(a) (requiring that
17 a "pleading *must* state as a counterclaim any claim that–at the time of its service–the pleader
18 has against an opposing party if the claim . . . arises out of the transaction or occurrence that
19 is the subject matter of the opposing party's claim . . . .") (Emphasis added.) The Flosis--
20 represented by experienced counsel--were obviously aware of Rule 13(a)'s requirement that
21 they must file their claims as compulsory counterclaims in the Peakstone Suit, but instead
22 they chose to file the instant suit as a preemptive measure in an attempt to ensure that their
23 claims were heard in the District of Arizona.

24 Next, under the Rules of Civil Procedure, if the Flosis wished to litigate their claims
25 in the District of Arizona, they were required to file a motion to transfer the pending
26 Peakstone case to this District, and not a duplicative lawsuit. Indeed, the Flosis filed a
27 Motion to Transfer, which the Mississippi court granted. Accordingly, the Flosis have
28 achieved their goal of litigating their claims in the District of Arizona.

In sum, because the Flosis' case was improperly filed and is duplicative of the Peakstone lawsuit, the Court will dismiss the Flosis's suit. This dismissal does not affect any of the Flosis' rights as all of the claims raised in this suit are now pending before Judge Wake as counterclaims.

As a result of the Court's ruling above, the Flosis' Motion to Consolidate is moot. Nevertheless, the Court notes that the Flosis's stated reason for consolidation–so that they may litigate their claims as plaintiffs–is not a compelling one. The Flosis are urged to have faith in the jury's ability to render a just verdict based on the merits of the case regardless of the parties' status as plaintiff or defendant.

Accordingly, based on the foregoing,

**IT IS ORDERED** granting Peakstone's Motion to Dismiss. (Doc. # 15)

**IT IS FURTHER ORDERED** dismissing this case with prejudice.

**IT IS FURTHER ORDERED** denying the Flosis' Motion to Consolidate as moot. (Doc. # 32)

Peakstone has requested that the Court award it attorneys' fees and costs in responding to this lawsuit pursuant to U.S.C. § 1927, which allows an award of fees against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." As discussed above, the Flosis filed this duplicative lawsuit in clear contravention of the Federal Rules of Civil Procedure in order to ensure that the case was litigated in the District of Arizona. In so doing, the Court finds that the Flosis have unreasonably and vexatiously multiplied the proceedings in this case. Accordingly,

**IT IS FURTHER ORDERED** granting Peakstone's request for attorneys' fees and costs in an amount to be determined upon Peakstone's submission of supporting documentation.

/ / /

The Court having granted Peakstone's Motion to Dismiss and request for attorneys' fees,

**IT IS FURTHER ORDERED** denying Peakstone's Motion for Rule 11 Sanctions. (Doc. # 45)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 15th day of December, 2009.

_____
Mary H. Murguia
United States District Judge